LEIGHTON BROTHERS PRINTING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10329. Promulgated October 25, 1927.

The petitioner's president was paid a salary of $14,400 for the calendar year 1920. *Held*, that the total amount was a legal deduction from gross income as ordinary and necessary expenses.

*W. Yale Smiley, Esq.*, for the petitioner.
*James A. O'Callaghan, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits tax for the calendar year 1920 in the amount of $1,990.94. In the determination of the deficiency the Commissioner disallowed the deduction of $7,400 of a total amount of $14,400 paid as salary to the petitioner's president.

FINDINGS OF FACT.

The petitioner is a Minnesota corporation with its place of business at Minneapolis. It was incorporated in 1918 and was the successor of a partnership engaged in the job-printing business. On January 1, 1920, the capital stock outstanding was $17,500. Early in the year 1920 an additional $1,000 capital stock was sold for $500. George A. Leighton was the president of the corporation and owned $12,000 capital stock. The other stockholders consisted of H. N. Leighton and E. E. Leighton, brothers of George A. Leighton, and C. A. Leighton, son of George A. Leighton. Each of the brothers owned $2,000 capital stock and the balance was owned by the son, C. A. Leighton.

George A. Leighton, the president, was responsible for the success of the business. He had been in the printing business in Minneapolis for many years prior to 1920 and he was the business getter for the corporation. He was paid a salary of $7,000 a year for 1918 and 1919. The corporation had accumulated a considerable surplus during these two years, a part of which was invested in Liberty bonds and other securities which were held by George A. Leighton for the benefit of the corporation. They were actually in his control and possession from the time of acquisition. The directors of the corporation met about once a week and informally discussed the business of the corporation and took corporate action with respect to the affairs of the corporation. The minutes of such meetings were never written up. At one of these informal meetings held in October or early in November, 1920, the directors agreed that the salary of George A. Leighton, which had theretofore been fixed by the corporation for the year 1920 at $7,200, should be doubled for that year and that he should be paid a salary of $14,400. It was further agreed that the increase in salary should be paid out of the securities then held by George A. Leighton as president. This amount, $14,400, was no more than reasonable compensation for the services actually rendered to the corporation by the president in 1920.

The books of account of the corporation show that there was credited to George A. Leighton monthly during 1920, $583.33. At the close of the year there was also credited to the president as salary

additional amounts to make his total compensation for the year $14,400. At a formal meeting of the board of directors held on January 11, 1921, a resolution was formally adopted that the president's salary for 1920 should be the amount of $14,400. A part of this compensation had been drawn by the president in irregular amounts. He drew his compensation as he needed it during the year. The books of account at the end of the year showed an amount still due the officers of the company of $6,000.

In his personal income-tax return for 1920 George A. Leighton reported as salary paid him by the corporation in 1920, $14,400.

The corporation return filed for the year 1920 showed a net income after the deduction of the increased salary of the president of $2,605.63.

The petitioner paid a 10 per cent dividend upon its stock for the years 1919, 1920, and 1921.

The amount of salary paid to the president for the year 1921 was $7,200.

### OPINION.

SMITH: The only questions for the determination of the Board in this proceeding are the reasonableness of the salary paid to the president for the year 1920, and whether such amount was an ordinary and necessary expense of the business.

We are of the opinion from a consideration of the entire evidence that both of these questions must be answered in the affirmative.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON, LOVE, and TRUSSELL.